IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSA U. GARCIA | : | CIVIL ACTION |
| | : | |
| v. | : | NO: 04-5416 |
| | : | |
| JO ANNE BARNHART,<br>Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 6th day of September, 2005, upon consideration of the cross-motions for summary judgment filed by the parties, the response thereto, the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and the objections thereto (Doc. Nos. 5; 6; 7; 9; 10), the court makes the following findings and conclusions:

1.      On May 27, 2005, the Magistrate Judge recommended that Rosa U. Garcia's ("Garcia") Motion for Summary Judgment should be granted in part, that the Commissioner's Motion for Summary Judgment should be denied, and that the matter should be remanded for further proceedings. The Commissioner then filed timely objections to the Report and Recommendation. In considering the Commissioner's objections, I have independently reviewed the administrative record, the Report and Recommendation, and the parties' submissions. For the reasons stated herein, I conclude that the Administrative Law Judge's ("ALJ") determination that Garcia did not qualify for disability insurance benefits or supplemental security income was based on substantial evidence, and as such, I will not adopt the Report and Recommendation and will grant summary judgment in favor of the Commissioner. (Tr. 25 ¶ 3; 32 ¶ 29; 34 Finding No. 13).

2.      This case was referred to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has reviewed *de novo* Garcia's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). In reviewing the ALJ's decision, this Court has plenary review of legal issues, but reviews factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).

3.      Garcia first argues that the ALJ's reliance on the testimony of the medical expert, Dr.

Richard Cohen, and failure to afford controlling weight to her treating physicians, was in error.[1] Although it is true that treating physicians are generally given more weight, an ALJ is not forbidden to rely on the opinion of a non-treating physician. 20 C.F.R. § 404.1527(d). It is acceptable for ALJ to rely on a non-treating, medical expert's residual functional capacity ("RFC") assessment so long as the RFC is not contradicted by the other evidence of record, it is consistent with other evidence, and is not the only piece of evidence upon which the ALJ relies. Catalano v. Barnhart, No. 04-2649, 2005 U.S. Dist. LEXIS 9397, at *19 (N.D. Cal. May 4, 2005); see also 20 C.F.R. § 404.1527(f); Moody v. Barnhart, 114 Fed. Appx. 495, 501 (3d Cir. 2004). Here, the ALJ has followed this directive.

First, although Dr. Cohen's testimony is contrary to the opinion of Dr. N. Olinger, and of Dr. Roger Erro in part, the ALJ appropriately discounted both treating physicians' opinions in whole or in part. (Tr. 28-29 ¶¶ 14-15; 53-57; 164-179; 211-212).[2] It was proper for the ALJ to discount Dr. Olinger's opinion because his check off assessment contained glaring internal inconsistencies which were not explained or corroborated elsewhere.[3] (Tr. 29 ¶ 16; 211-212). Secondly, parts of Dr. Erro's opinion, specifically low GAF scores he ascribed to Garcia, are properly discounted as set forth below. (Tr. 164-165; 173-179).

It appears that the ALJ credited Dr. Erro's Psychiatric Treatment notes (Tr. 166-172), but dismissed the GAF scores appearing in Garcia's Psychiatric Evaluation (Tr. 164-165) and throughout her Treatment Plans. (Tr. 173-179). Generally, an ALJ may properly accept some parts of the medical evidence and reject other parts. Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994). Here, the ALJ rejected Dr. Erro's Psychiatric Evaluation because of an unexplained inconsistency in that it contained a GAF score of 35 but reported Garcia's mental status to be normal. (Tr. 28 ¶ 14; 164-165). The remainder of Garcia's GAF scores noted throughout the Treatment Plans[4] (Tr. 166-172) are juxtaposed by generally positive mental status remarks in his Psychiatric Notes. (Tr. 173-179). Although the ALJ could have more directly compared the inconsistency between the GAF scores in the Treatment Plan with the Psychiatric Notes, the inconsistency is nonetheless made evident by the fact that the GAF scores range from 45-50

---

[1] Garcia also argues that the ALJ improperly ignored the notes of her therapist, Ms. Alcaintora. (Tr. 180-210). Although they were within the ALJ's discretion to consider, the ALJ nonetheless referenced Ms. Alcaintora's notes in her decision. 20 C.F.R. § 404.1512(d)(1); (Tr. 28 ¶ 14).

[2] Paragraphs are numbered chronologically seriatim as they appear throughout the ALJ's decision.

[3] Contrary to Garcia's argument, the ALJ was not required to re-contact Dr. Olinger for clarification. The Regulations that pertain to re-contacting medical sources apply only when the evidence received is inadequate to determine disability. 20 C.F.R. § 404.1512(e). Furthermore, the requirement expressed in SSR 96-5p, for re-contacting treating sources applies when the evidence of record does not support a treating sources opinion. 1996 WL 374183, at * 6. Here, Dr. Olinger's opinion, was inconsistent with itself, discounted by the ALJ, and therefore, clarifying the evidence upon which Dr. Olinger relied, was not necessary.

[4] It is not surprising that the Treatment Plans contain no positive remarks, as their purpose is to log Garcia's problems and create a plan for improvement.

2

while the Psychiatric Notes, convey improvement. (Tr. 28 ¶ 14; 164-179).[5]

Second, Dr. Cohen's testimony is consistent with the opinions of the reviewing state agency psychologist and physician, Mr. Rosenfield as well as that of Dr. Perch, whom the ALJ appears to have credited. (Tr. 28 ¶ 13; 30 ¶ 20-21; 53-57; 130-135; 136-139). All three agree that Garcia's activities of daily living are only mildly impaired (Tr. 54; 133; 138), and that her concentration problems are slight. (Tr. 54; 133; 136). Facially, Mr. Rosenfield's mental status opinion seems to deviate from Dr. Cohen's opinion because in his report, Mr. Rosenfield, characterizes Garcia's capacity in work related activities to be "fair to marginal." (Tr. 133). However, upon reviewing his mental status questionnaire, it is evident that the "fair to marginal" language was intended to capture the spectrum of Garcia's work related capabilities, since for most activities Mr. Rosenfield marked "Fair," excluding the ability to perform a complex or detailed job, which he marked "Poor/ None." (Tr. 134-135). This assessment is consistent with Dr. Perch's and Dr. Cohen's assessments, and ultimately the conclusion reached by the ALJ, that Garcia can perform a basic, repetitive, 1-2 step job. (Tr. 30 ¶ 21; 33 Finding No. 11; 55; 138).

Finally, because Dr. Cohen's opinion alone is not the ALJ's basis for Garcia's RFC assessment, the ALJ's reliance upon Dr. Cohen's testimony is justified and the ALJ's RFC assessment is supported by substantial evidence.

4. Garcia's argument that her RFC assessment did not properly account for her physical limitations is without merit. The ALJ has exclusive responsibility for making RFC determinations. 20 C.F.R. § 404.1546(c). Here, the ALJ's RFC assessment is supported by substantial evidence because the objective medical evidence and the absence of common treatments supports minimal functional limitations (Tr. 29 ¶ 16; 154-163), and because Dr. Juliette Louis Charles' physical assessment was properly discounted as it is contrary to the objective evidence. (Compare Tr. 156; 234-235).

5. Next Garcia argues that the ALJ erred in rejecting Garcia's subjective complaints of pain as not credible. Here, the ALJ's credibility determination is supported by substantial evidence because: the objective medical evidence shows minimal functional limitations (Tr. 29-30 ¶¶ 17-18; 33 Finding No. 4; 154-163); the ALJ witnessed Garcia's demeanor and found her responses to be "deliberately evasive"[6] (Tr. 29-30 ¶¶ 17-18; 33 Finding No. 4; 35-62); Garcia made several inconsistent statements regarding the reasons she ceased working and the effects of her medication (Tr. 30 ¶ 18; 46-47; 49; 101; 130; 164; 166-167); and her daily activities were inconsistent with her subjective complaints. (Tr. 54; 118). Finally, credibility determinations are

---

[5] The facts of this case are distinguishable from the facts in Span ex rel. R.C. v. Barnhart, relied upon by the Magistrate Judge where the ALJ provided no "meaningful indication of how [she] considered [plaintiff's] GAF scores or discounted their significance." No. 02-7399, 2004 U.S. Dist. LEXIS 12221, at * 17-23 (E.D. Pa. May 21, 2004). Here, as demonstrated above, the ALJ's decision reflects that she meaningfully considered Garcia's GAF scores but discounted them as being inconsistent with Dr. Erro's own Psychiatric notes. (See Tr. 33 Finding No. 5).

[6] Garcia argues that she was not evasive, but has memory problems. However, the medical opinions upon which the ALJ relied do not reflect significant limitations in memory, but suggest only that while Garcia is coherent, she needs reminders to keep appointments. (Tr. 133; 136; 164).

for the ALJ to make. Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). For the above stated reasons, the ALJ's credibility determination is supported by substantial evidence.

6.   Lastly, Garcia complains that the ALJ's finding that Garcia could perform her past relevant work at the light level is improper. (Tr. 31 ¶ 23, Finding No. 7). However, the ALJ properly relied on the testimony of a vocational expert, in determining that Garcia could perform her past relevant work as it is generally performed in the national economy. (Tr. Id.; 58-61). Also, as stated above, the physical assessment of Dr. Charles was properly discounted, leaving the ALJ to base Garcia's RFC on objective evidence. (Tr. 154-163). Since the objective evidence only supports minimal functional limitations, the ALJ's RFC assessment is supported by substantial evidence.

Upon careful and independent consideration, the record reveals as above analyzed that the Commissioner applied the correct legal standards and that the record contains substantial evidence to support the ALJ's findings of fact and conclusions of law. Therefore, it is hereby

**ORDERED** that:

7.   The Report and Recommendation is **NOT ADOPTED**;

8.   The motion for summary judgment filed by plaintiff is **DENIED.**

9.   The motion for summary judgment filed by the Commissioner is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST ROSA U. GARCIA.**

10.   The Clerk of Court is hereby directed to mark this case as **CLOSED**.

_____

LOWELL A. REED, JR., S.J.